**Louis Samuel COTTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8332.**

United States Court of Appeals Tenth Circuit.

Jan. 3, 1966.

Charles L. Fagin, Oklahoma City, Okl., for appellant.

James R. Ward, Topeka, Kan. (Newell A. George, Kansas City, Kan., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

---

1. Pearce v. Cox, 10 Cir., 354 F.2d 884, and cases cited therein.

MURRAH, Chief Judge.

This appeal involves the propriety of the ruling of the trial court which permitted the government to inquire of the accused-witness whether he had been previously adjudicated a juvenile delinquent under the Juvenile Delinquency Act, 18 U.S.C. § 5032, for the same type of offense for which he was then on trial.

The question arose in this way. The appellant was on trial for the possession of a stolen treasury check in violation of 18 U.S.C. § 1708, and attempting to utter and publish same in violation of § 495. On direct examination he testified that he had been previously convicted and had served a sentence for another violation of the same laws. Government counsel then inquired outside the presence of the jury whether it would be proper to cross-examine the defendant on another offense for which he had been convicted while a juvenile. The court ruled that it would be proper to inquire not whether he had been convicted, but whether he had been adjudicated a juvenile delinquent and the basis of it as going to the credibility of the witness.

Over the objections of defense counsel, appellant admitted he had been adjudged a juvenile delinquent under the mail theft statute, had been sentenced under the Youth Act and served a period of time in Englewood, Colorado.

The federal statute applicable here, § 5032, pertinently provides that in the event the juvenile is proceeded against by information " * * * no criminal prosecution shall be instituted for the alleged violation." It does not expressly provide, as do some state statutes, that adjudication of delinquency shall not be used against the delinquent in any other proceedings or trial. But, an adjudication of juvenile delinquency and commitment under the Act is not a conviction of or sentence for a crime. The very purpose of the Act is to avoid prosecution of juveniles as criminals. See Fagerstrom v. United States, 8 Cir., 311 F.2d 717. It was "the legislative intent that a juvenile delinquency proceeding shall result in the adjudication of

a status rather than the conviction of a crime." See Historical Note following § 5033, 18 U.S.C.

The government argues that since the purpose of the statute is to permit rehabilitation without the stigma of a prior record, the delinquent may avail himself of the shield so long as he earns the right to invoke it. But, a subsequent conviction for the same type of offense as the one for which he was adjudicated a delinquent, and for which he is now on trial, renders him unworthy of the shielding protection of the Act; that having admitted one previous conviction, it is not in derogation of the protective provisions of the Act to require him to disclose the prior adjudication.

Most of the state statutes relating to the adjudication of juvenile delinquency expressly prohibit the use of such adjudication against the delinquent in any other court or proceeding. Typical of these statutes is the one in the District of Columbia which expressly provides that "The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court * * *." D.C.Code 1961, § 11–915. In states having these prohibitory provisions the courts have uniformly excluded all evidence of adjudication of juvenile delinquency. See Love v. State, 36 Ala.App. 693, 63 So.2d 285; People v. Peele, 12 N.Y.2d 890, 237 N.Y.S.2d 999, 188 N.E.2d 265; State v. Coffman, 360 Mo. 782, 230 S.W.2d 761; People v. Witt, 159 Cal.App.2d 492, 324 P.2d 79; State v. Tolias, Mo., 326 S.W.2d 329; State v. De Paola, 73 A.2d 564. But see State v. Homolka, 158 Kan. 22, 145 P.2d 156.

Early in the history of this court Judge McDermott with characteristic clarity and succinctness reviewed the civil and the common law on the admissibility of evidence of other crimes to prove the guilt or innocence or to impeach the veracity of a witness. He finally recognized the exception to the general exclusionary rule to the effect that "In criminal cases a witness may be asked, for

purposes of impeachment, whether he has been convicted of a felony, infamous crime, petit larceny, or a crime involving moral turpitude * * * ", and that "A witness may not be asked if he has been accused or arrested for a crime, for the sufficient reason that it calls for hearsay evidence, and because accusation carries no implication of guilt." Coulston v. United States, 10 Cir., 51 F.2d 178, 182.

The question is one of policy and there is much to be said for the government's argument and the trial court's ruling. But on balance we think the evidence should be excluded for the very reasons which prompt the state legislatures and the Congress in the District of Columbia to exclude it. After all, the appellant has not been convicted of a crime or even prosecuted as a criminal under the Juvenile Delinquency Act. The adjudication of a status rather than the conviction of a crime would seem to fall within the rationale of the rule which generally excludes evidence of arrest or indictment without conviction. See generally Wigmore on Evidence, 3rd Ed., §§ 980(a), 982, 985, 986, 987.

We conclude that the cross-examination was prejudicial error and the case is accordingly reversed.