Charles JENKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 3, 1972.

Tom D. Harris, Morganfield, for appellant.

John B. Breckinridge, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Charles Jenkins, was convicted of the offense of breaking and entering a dwelling house with intent to steal and was sentenced to confinement in the penitentiary for a term of ten years. KRS 433.180.

On this appeal he asserts as grounds for reversal of the judgment that: (1) the evidence was insufficient to sustain the verdict, (2) he was denied an examining trial, (3) the court erred in the admission of certain evidence and (4) he was prejudiced by improper argument.

The home of Billy Martin was broken into during the daylight hours while none of the family was at home. Some guns and a hunting jacket containing a number of shotgun shells were stolen. Within a few days of the theft the appellant was apprehended in possession of the hunting jacket and shells. His explanation of his possession of the stolen property varied from time to time but at the trial he testified that he had borrowed the jacket and ammunition from a friend who died prior to the trial.

■ Apparently the jurors disbelieved appellant's testimony. The stolen property was positively identified by the owner and evidence of the possession of it was sufficient to support the conviction of breaking and entering. Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240 (1946).

The appellant was indicted upon a direct submission of the case to the grand jury without an examining trial. He contends he was thereby prevented from discovering the nature of the evidence which would be used against him.

■ The purpose of an examining trial is to ascertain whether probable cause exists to hold an accused for an investigation by a grand jury and to protect the accused from detention upon groundless charges pending an investigation by a grand jury. We have frequently held that when an indictment results from direct submission of evidence to a grand jury, there is no cause for or right to an examining trial and the failure to conduct an examining trial is not error in such a case. Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966) and Maggard v. Commonwealth, Ky., 394 S.W. 2d 893 (1965).

The hunting jacket and shotgun shells were recovered by a state police officer and were kept by him in a locker at state police headquarters. He had the only key to the locker.

■ The appellant contends that the jacket and shells were improperly admitted in evidence because they had not been kept in the custody of the court at all times. Appellant cites no authority in support of this argument. It is, of course, necessary to show that the integrity of an exhibit has not been violated but this does not mean that the exhibit must be kept by any particular official or officer. Oftentimes it is necessary to forward exhibits to the Federal Bureau of Investigation in Washington, D.C., for examination but this has never been held to affect the admissibility of such exhibits in evidence so long as it is shown that the exhibits were secure and safe from alteration. We believe the integrity of the exhibits was satisfactorily established.

■ The appellant also contends that evidence of previous convictions of crime was erroneously admitted both as to himself and as to one of his witnesses. The previous convictions shown were such as related to credibility. The credibility of a witness is subject to impeachment by proof of conviction of prior felonies under the guidelines established in Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970), and the procedure in this case followed the practice authorized in *Cotton*.

In his closing argument, the Commonwealth's Attorney made reference to the prior convictions. The appellant objected on the ground that the Commonwealth's Attorney was *"testifying as to his opinion."* Although the objection was overruled the Commonwealth's Attorney immediately abandoned that line of argument and referred no more to the previous convictions.

On this appeal appellant has changed his attack on the concluding argument and now contends that the court erred in failing to declare a mistrial when appellant objected to inflammatory remarks of the Commonwealth's Attorney in his closing argument. RCr 9.22 is designed to require that a trial judge be afforded a reasonable opportunity to rule upon alleged errors. The trial judge has no such opportunity when the alleged error is not brought to his attention during the trial.

■ Although an objection was made to the argument of the Commonwealth's Attorney on another ground, it was not pointed out to the trial judge that the appellant objected because the reference to previous convictions was allegedly inflammatory nor was the trial court asked to declare a mistrial. Now the appellant urges that the trial court erred in failing to sustain objection upon a ground which was not raised and in failing to declare a mistrial when

a mistrial was not requested. We hold these allegations of error have not been preserved for review.

The judgment is affirmed.

All concur.