## MATTER OF LAMONT MONDAY ALEXANDER

[No. 183, September Term, 1972.]

*Decided December 7, 1972.*

The cause was argued before ORTH, C. J., and MOYLAN and MENCHINE, JJ.

*Elsbeth L. Bothe* for appellant.

*Josef E. Rosenblatt, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City*, and *Steven Suser, Assistant State's Attorney for Baltimore City*, on brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Lamont Monday Alexander was found to be a delinquent child after a hearing in the Circuit Court of Baltimore City, Division of Juvenile Causes, under a petition charging him, as a juvenile offender, with a violation of Article 27, § 32. This appeal suggests error because of: insufficiency of evidence; error in ruling on evidence, and improper use of prior juvenile history. The issues raised will be discussed here in reverse order.

### *Improper Use of Prior Juvenile History*

The trial judge took the position that at an adjudicatory hearing where the juvenile took the stand in his own defense, the prior record of the respondent could be examined collaterally by the court. The trial court's position is shown in the following dialogue between court and counsel *after* testimony had been concluded:

| | |
|---|---|
| Counsel: | "* * * I wasn't aware that you were aware of the record. I would certainly object on that ground." |
| The Court: | "I brought it up after I made my finding." |
| Counsel: | "True, Your Honor. You obviously knew his past record during the case." |
| The Court: | "No, I didn't. I knew it when he took the stand to testify in his own behalf." |
| Counsel: | "This is what I mean. I mean before the end of the case." |

The Court: "I will overrule the objection. When the respondent takes the witness stand his past record is admissible."

The trial judge apparently acted in reliance upon the rule authorizing evidence of conviction of crime to impeach credibility, and extended it to apply to prior determinations of delinquency in the juvenile court.

There is no doubt that Maryland adheres to the "conviction of crime" rule. In *Burgess v. State,* 16 Md. 162, 169, 155 A. 153, 156 (1931), it was stated:

"It is established in this State that in criminal cases, where the defendant is a witness in his own behalf, he thereby puts his character in issue, and may be asked on cross-examination if he has been convicted of crime."

This impeachment rule itself arose in substantial amelioration of the former common law rule *barring* as a witness any person convicted of infamous crime. Compare: *Wigmore on Evidence,* 3d Ed., § 520 and § 980. The rule, in its general application in Maryland, has been given a somewhat more limited relevance. Thus, in *Linkins v. State,* 202 Md. 212, 220, 96 A. 2d 246, 250 (1952), it was said:

"It has been held in this State that while evidence of defendant's prior convictions of crimes, other than that charged, need not be restricted to infamous crimes or crimes involving moral turpitude to be admissible, such convictions should be for law violations which may have some tendency to impeach defendant's credibility as a witness. No rigid classification of crimes seems possible. The court must exercise discretion and its decision will not be interfered with on appeal, except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion of the trial court."

In the particular, that is, with respect to prior findings of delinquency by a juvenile court, the rule has been held to have no application. Thus, in *Westfall v. State*, 243 Md. 413, 423, 221 A. 2d 646, 652 (1965), it was said: "The State admits that it is impermissible to attack credibility of a witness by directly asking him about his past record of juvenile offenses." The Court went on to express particular approval of its prior declaration of similar import in *Braun v. State*, 230 Md. 82, 91, 185 A. 2d 905, 909 (1962). In *Westfall*, unlike *Braun*, the Court rejected the State's contention that questioning as to prior juvenile offenses was harmless error. Again, in *Johnson v. State*, 3 Md. App. 105, 115, 238 A. 2d 286, 291 (1967), this Court said:

> "These [statutory] provisions make it impermissible to attack the credibility of a witness by asking him about his past record of juvenile offenses, directly, *Braun v. State*, 230 Md. 82, or indirectly, *Westfall v. State*, 243 Md. 413."

It is true that *Braun, Westfall* and *Johnson*, all *supra*, were criminal cases in the course of which the credibility of the accused was attacked by inquiry as to prior findings of juvenile delinquency. Those decisions however, did not concern themselves with consideration of *when* or *where* use of the rule was impermissible as to prior juvenile findings. Rather, they dealt with the question *whether* a prior finding of delinquency would affect the credibility of a witness. Each held without equivocation that it did not. See also: 70 C. J., *Witnesses*, § 1052, note 23; 98 C.J.S., *Witnesses*, § 507, notes 99 and 1; *Cotton v. U. S.*, 355 F. 2d 480.

In the latter case the Court (CCA 10) said at page 482:

> "After all, the appellant has not been convicted of a crime or even prosecuted as a criminal under the Juvenile Delinquency Act. The adjudication of a status rather than the conviction of a

crime would seem to fall within the rationale of the rule which generally excludes evidence of arrest or indictment without conviction."

See: *Duffy v. State,* 151 Md. 456, 135 A. 189 (1926).

Maryland Rule 912 c in pertinent part reads as follows: "The rules of evidence applicable to criminal cases shall apply to delinquency hearings. * * *"

Article 26, § 70-21 in pertinent part reads as follows: "* * * no disposition of any proceedings under this subtitle shall be deemed a conviction of crime * * *."

We hold specifically that inquiry, whether by record or by cross-examination, of determinations of prior juvenile delinquency is impermissible in any *adjudicatory* hearing. We hold that it was the plain legislative intent that a finding of delinquency in a juvenile court should not be equated in any way with a conviction for crime.

### Error in Admission of Evidence

The State has admitted error in the admission of certain hearsay testimony. Since the case must be reversed and remanded for further proceedings, it is unnecessary to pass upon the question whether it was harmless error.

### Legal Sufficiency of the Evidence

Since remand has been ordered for further proceedings under the same or an amended petition, the legal sufficiency of the evidence will not be considered in the present case.

> *Judgment reversed and case remanded for further proceedings not inconsistent with this opinion.*