No. 81-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

   Plaintiff and Respondent,

 -vs-

THOMAS D. HOLZWORTH,

   Defendant and Appellant.

Appeal from: District Court of the Seventh Judicial District,
      In and for the County of Dawson, The Honorable
      L. C. Gulbrandson, Judge presiding.

Counsel of Record:

  For Appellant:

    Jerry D. Cook, Glendive, Montana

  For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Richard A. Simonton, County Attorney, Glendive,
    Montana

Submitted on Briefs: May 20, 1982

Decided: October 6, 1982

Filed: **OCT 6 - 1982**

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This case presents the question of whether the State's reference to defendant's juvenile offenses during the cross-examination of defendant's character witness constitutes reversible error. The District Court admonished the jury to disregard these references except those of which the witness had personal knowledge and, after a jury conviction, designated defendant a dangerous offender and sentenced him to thirty years at the Montana State Prison. We reverse and remand for a new trial.

The character witness called by the defense testified that he had known defendant since he was a little boy, that he had lived all of his life in the area where the incident occurred and that defendant had worked for him for a month in 1978. On cross-examination, the prosecuting attorney questioned the witness as follows:

> "Q. Were you aware that when he was 15 years old he was charged with attempted rape?
>
> "MR. COOK: Objection, Your Honor.
>
> "Q. And served six months probation?
>
> "THE COURT: There is an objection, Mr. Simonton."

The defense attorney then moved for a mistrial, which was denied. A conference was held in court chambers, in which the defense attorney objected to any cross-examination involving juvenile records. The District Court decided to sustain the objections to the questions involving juvenile records and gave the following admonition to the jury:

> "THE COURT: For the record, the last objection is sustained. The jury will disregard any remarks regarding juvenile offenses committed by the defendant, ex-

> cept insofar as the witness may know of his own knowledge of any activity. To that extent you may ask. But, regarding juvenile activity that he would not be aware of, under the statute should not be referred to."

It is clear this case does not fall within the scope of Davis v. Alaska (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, where the Court held that, in a criminal case, the defendant is denied his right of confrontation when he is prohibited from cross-examining a prosecutor's witness regarding the witness's juvenile probation. See also, State v. Daniel (La. 1979), 378 So.2d 1361. Here, however, the State sought to cross-examine a defense witness and this fact distinguishes Davis from the case at bar. State v. Thomas (Mo.App. 1976), 536 S.W.2d 529.

In those jurisdictions having juvenile court statutes excluding evidence similar to section 41-5-106, MCA, some have allowed introduction of the evidence of the youth proceedings in certain circumstances. These jurisdictions include: Alabama (Ala. Code § 12-15-72 (1975)); Arkansas (Ark. Stat. Ann. § 45-444 (1977)); Illinois (Ill. Ann. Stat., Ch. 37, § 702-9 (Smith-Hurd 1972)); Mississippi (Miss. Code Ann. § 43-23-17 (1972)); Ohio (Ohio Rev. Code Ann. § 2151.358 (Page 1981)); and Tennessee (Tenn. Code Ann. § 37-233 (1977)). Others, however, exclude any introduction of this evidence and these include: Colorado (Colo. Rev. Stat. § 19-1-109 (1978)); Missouri (Mo. Rev. Stat. § 211.271 (1978)); Rhode Island (R.I. Gen. Laws, § 14-1-40 (1969)); and West Virginia (W.Va. Code § 49-7-3 (1980)).

We think the better reasoned cases exclude the evidence for all purposes and we so hold here. Cf., Cotton v. United States (10th Cir. 1966), 355 F.2d 680, and Annot., 63

A.L.R.3d 1112 (1975).

The pertinent part of Montana's applicable statute (section 41-5-106, MCA) reads as follows:

> "Neither the disposition of a youth under this chapter nor evidence given in youth court proceedings under this chapter shall be admissible in evidence except as otherwise provided in this chapter."

Elsewhere in the chapter, section 41-5-603, MCA, allows inspection of youth court records to certain people, none of which is applicable to the issue here.

Section 41-5-106, MCA, states that neither the disposition nor evidence of youth court proceedings is admissible in evidence. Obviously, testimony of juvenile proceedings on cross-examination is "evidence" and the plain language of the statute states that such is not admissible. There is no exception carved out for cross-examination of defendant's character witnesses.

In the instant case the defendant was prejudiced by the prosecutor's asking of the questions set out above. The prosecutor ignored the defense attorney's objection and attempted to bring more inflammatory evidence before the jury without giving the District Court the opportunity to rule on the objection. Such conduct is not commendable and contravenes the policy underlying the Youth Court Act that all evidence of this nature be excluded.

In State v. Shannon (1933), 95 Mont. 280, 26 P.2d 360, the prosecutor improperly asked several questions about the defendant's alleged prior offenses and, even though the defendant denied the allegations, this Court found the asking of the questions constituted prejudicial error. Accordingly, defendant's conviction was reversed and the case remanded

for a new trial.  Similar reasoning obtains here regarding this prosecutor's questions about defendant's juvenile offenses.  This act constituted prejudicial error, and the judgment of the District Court is vacated and the cause remanded for a new trial.

_____
Chief Justice

We concur:

_____

_____
Justices

Mr. Justice Gene B. Daly dissenting.

I respectfully dissent. While agreeing with the majority that generally juvenile records cannot be used as evidence against an accused, I do not believe that the prosecutor's questioning in this case constituted reversible error.

Given the proper circumstances alleviating the prejudicial effect of the evidence, juvenile records may be used to impeach "good character" testimony by a criminal defendant. See, Annot. 63 A.L.R.3d 1112 § 4(b). The rationale for this proposition is that the search for truth at a trial is inhibited if a defendant or a defense character witness is allowed to give the erroneous impression that the defendant is lily-white. See United States v. Canniff (2nd Cir. 1975), 521 F.2d 565; and State v. Stepheny (1978), _ _ _ _ Tenn.Crim.App. _ _ _ _ , 570 S.W.2d 356.

This case involves the balancing of the search for truth with the policy of protecting juvenile records. Here, because of the safeguards surrounding the prosecutor's questions, I would not say reversible error occurred. The objection to the prosecutor's questions was sustained and an admonition was given. The jury was also instructed to disregard any remarks made by counsel not supported by the evidence. These procedures limited the prejudicial effect of the questioning.

I would affirm the District Court's judgment.

Gene B Daly