**Earl O'Neal MANNS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2000–SC–0331–DG.

Supreme Court of Kentucky.

June 13, 2002.

As Modified on Grant of Rehearing Aug. 22, 2002.

---

5. Order, Jefferson Circuit Court No. 98CR2403, pp. 11–12 (October 13, 1999).

Daniel T. Goyette, J. David Niehaus, Louisville, KY, for appellant.

A.B. Chandler, III, Attorney General, State Capitol, Frankfort, KY, Shawn C. Goodpaster, Special Assistant Attorney General, Louisville, KY, J. Hamilton Thompson, Assistant Attorney General, Frankfort, KY, for appellee.

COOPER, Justice.

On March 28, 1997, Appellant Earl O'Neal Manns, then age eighteen, shot and killed Bashawn Wilson during an argument over the outcome of a computer "Play Station" basketball game. Following a one-day trial in the Jefferson Circuit Court on August 25, 1998, Appellant was convicted of manslaughter in the first degree and sentenced to confinement in the penitentiary for seventeen years. The Court of Appeals affirmed, and we granted discretionary review. The principal issue on appeal is whether it was error to admit evidence at trial of Appellant's prior juvenile adjudication for wanton endangerment in the first degree.

On March 12, 1994, Appellant, then age fifteen, was arrested for his involvement in a "mobile shooting" and charged in the Jefferson District Court (Juvenile Division) with wanton endangerment in the first degree. He admitted guilt, and his case was informally adjudicated with a disposition of probation to the supervision of the Cabinet for Human Resources. KRS 635.060(2) (pre–1997 version). In 1996, the General Assembly amended KRS 532.055(2)(a) (felony sentencing hearings) to add the following as subsection 6:

> Juvenile court records of adjudications of guilt of a child for an offense that would be a felony if committed by an adult. *Subject to the Kentucky Rules of Evidence,* these records shall be admissible in court at any time the child is tried as an adult, or after the child becomes an adult, at any subsequent criminal trial relating to that same person. *Juvenile court records* made available pursuant to this section *may be used for impeachment purposes during a criminal trial and may be used during the sentencing phase of a criminal trial;* however, the fact that a juvenile has been adjudicated delinquent of an offense that would be a felony if the child had been an adult shall not be used in finding the child to be a persistent felony offender based upon that adjudication. . . .

1996 Ky.Acts, ch. 358, § 8, eff. July 15, 1997 (emphasis added). The bill that included this amendment also added identical language to KRS 532.025(1) (capital offense sentencing hearings), 1996 Ky. Acts, ch. 358, § 7, eff. July 15, 1997, and KRS 610.320(4) (disclosure of juvenile records), 1996 Ky.Acts, ch. 358, § 36, eff. July 15, 1997.

Appellant's 1994 juvenile adjudication was utilized in both the guilt and penalty phases of his 1998 trial. Before cross-examining Appellant during the guilt phase, the prosecutor orally moved the court for permission to impeach Appellant with his juvenile adjudication, citing KRS 532.055(2)(a)6. Defense counsel objected on grounds that the statute was enacted after

both Appellant's 1994 juvenile adjudication and the 1997 shooting of Bashawn Wilson, and that its retroactive application to this case would violate both KRS 446.080(3) and the Ex Post Facto Clause. U.S. Const., art. I § 10; Ky. Const. § 19(1). The trial judge responded that, although KRS 532.055(2)(a)6 appeared to violate the doctrine of separation of powers, the stated objection of improper retroactive application was not grounds for suppression and overruled the objection for that reason. Despite the trial judge's unsubtle hint, the objection was not renewed on other grounds. The prosecutor then proceeded to impeach Appellant as follows:

Q. Have you previously been convicted of a felony?

A. Yes, I have.

No objection was made to the form of the question, and no motion was made to strike Appellant's obviously incorrect answer. Nor was any limiting admonition requested or given. *See Golden v. Commonwealth*, 275 Ky. 208, 121 S.W.2d 21, 26–27 (1938). During the penalty phase of the trial, the prosecutor introduced a certified copy of the entire record of Appellant's 1994 juvenile proceedings.

■ The trial judge correctly ruled that neither KRS 446.080(3) nor the Ex Post Facto Clause precluded application of KRS 532.055(2)(a)6 to Appellant's trial—and for the very same reason that the statute *does* violate the separation of powers doctrine, *i.e.*, the subject matter of the statute pertains to practice and procedure. We rejected the same argument in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987), when considering application of the original version of KRS 532.055 to a defendant whose offense had been committed prior to the statute's enactment:

The act deals with procedures at trial. The procedure at trial is governed by the rules of procedure which exist at the time of trial, not at the time of the commission of the offense. No one has a vested right in the modes of procedure, and the state, upon grounds of public policy, may regulate them at pleasure.

Such regulations of the mode in which the facts constituting guilt may be placed before the jury can be made applicable to prosecutions or trials thereafter and without reference to the date of the commission of the offense charged.

*Reneer*, 734 S.W.2d at 798 (citing *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), and *Murphy v. Commonwealth*, Ky., 652 S.W.2d 69 (1983), *cert. denied*, 465 U.S. 1072, 104 S.Ct.1427, 79 L.Ed.2d 751 (1984)).

■ Appellant raised new and different issues before the Court of Appeals than were presented to the trial court, including, belatedly, that the statute violates the doctrine of separation of powers and that its application to Appellant's trial was precluded by Rule 609 of the Kentucky Rules of Evidence (KRE). The Court of Appeals chose to address these issues despite the fact that they were not preserved for appellate review. *See Ruppee v. Commonwealth*, Ky., 821 S.W.2d 484, 486 (1991); *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219, 222 (1976). Because of the likelihood that the issue presented by KRS 532.055(2)(a)6 will frequently recur, especially since the same provision was also inserted into KRS 532.025(1), we, too, choose to elevate substance over procedure in this instance and address the issue now rather than later. In doing so, we note that the premise for the principle that issues not presented to the trial court are not preserved for appellate review is that the trial court should be afforded a reasonable opportunity to rule upon alleged errors that were not brought to his attention and otherwise could have

been corrected at trial. *Sherley v. Commonwealth*, Ky., 889 S.W.2d 794 (1994); *Green v. Commonwealth*, Ky., 556 S.W.2d 684 (1977); *Jenkins v. Commonwealth*, Ky., 477 S.W.2d 795 (1972). Here, there was no need to bring the separation of powers issue to the attention of the trial judge, for, by his own remarks, he was already aware of its existence.

Section 27 of the Constitution of Kentucky creates three distinct departments of government, and Section 28 precludes one department from exercising any power properly belonging to either of the others. Section 116 reserves to the Supreme Court the power to prescribe rules of practice and procedure for the Court of Justice. And that is why KRE 1102(b), adopted in 1992 by both the General Assembly and this Court, provides that "the General Assembly ... may not adopt amendments or additions to the Kentucky Rules of Evidence that constitute rules of practice and procedure under Section 116 of the Constitution of Kentucky." Even prior to the 1975 adoption of the Judicial Article, which included Section 116, the General Assembly had formally recognized the authority of the judiciary over matters of practice and procedure:

> The Constitution of the Commonwealth of Kentucky vests the judicial power of the Commonwealth, except impeachment, in the Court of Appeals and the constitutional courts ..; and it is recognized that the vesting of judicial power carries with it the authority to regulate judicial proceedings where the Constitution does not specifically authorize the exercise of some part of that power by another department.

> The General Assembly finds that, although rules developed under the third constitution by the legislature have governed criminal proceedings as a matter of comity on the part of the courts since that time, the administration of civil justice under rules of procedure promulgated by the Judicial Department subsequent to revision of civil procedure in 1952 has demonstrated the merit of having procedural rules promulgated by the department responsible for their proper functioning.

> It is therefore declared to be the policy of the General Assembly, insofar as the Legislative Department is empowered to express policy on matters of judicial procedure, that prescription of rules governing details of procedure will be left to the discretion of the Judicial Department after the effective date of this Act.

1962 Ky.Acts, ch. 234 (Preamble). That statement of policy was constitutionalized by the subsequent adoption of Section 116.

KRS 532.055 was enacted in response to a public outcry over the fact that a petit jury, in the highly publicized trial of George Wade for the murder and kidnapping of two high school students, sentenced Wade to life in prison instead of death. The jurors and the victims' families complained that the jurors had been required to fix Wade's sentence without knowing of either his extensive criminal history or his parole eligibility date.[1] Thus, KRS 532.055, dubbed "truth-in-sentencing" by its sponsors, was enacted to fill that void. The statute did not purport to address what evidence was admissible or inadmissible for the purpose of proving guilt or innocence. In fact, it established a bifurcated proceeding so that the jury would not be informed of the nature and extent of the defendant's prior criminal conduct until after it had found him/her

---

1. For factual details, see *Taylor v. Commonwealth*, Ky., 821 S.W.2d 72 (1990), *cert. denied*, 502 U.S. 1100, 112 S.Ct. 1185, 117 L.Ed.2d 428 (1992).

guilty of the charged offense. The statute was immediately challenged as an unconstitutional exercise by the General Assembly of the Supreme Court's power to promulgate rules of practice and procedure. *Commonwealth v. Reneer, supra.*

We held in *Reneer* that KRS 532.055 was, indeed, procedural, not substantive, in nature and, thus, violated the doctrine of separation of powers.

> We hold that K.R.S. 532.055 is procedural in nature. Its provisions deal with the procedure to be followed in the trial and sentencing of criminal felony trials. The statute does not add or remove any element necessary to convict of any crime, and it does not increase or lower the penalty that can be imposed upon conviction.
>
> Following the enactment of the statute, the jury is permitted to hear some evidence in the sentencing phase of a trial that would not have been admissible theretofore, but this evidence does not go to the issue of guilt or innocence. It neither increases [n]or lessens the penalty or the amount of proof required to convict, and the statute making such evidence competent is likewise procedural....
>
> ... Because K.R.S. 532.055 is a legislative attempt to invade the rule making prerogative of the Supreme Court by legislatively prescribing rules of practice and procedure, it violates the separation of powers doctrine enunciated in Section 28 of the Kentucky Constitution.

*Id.* at 796.

Perceiving merit, however, in not requiring a jury "to sentence in a vacuum without any knowledge of the defendant's past criminal record or other matters that might be pertinent to consider in the assessment of an appropriate penalty," *id.* at 797, and in other positive aspects of the statute, we declined, under the principle of comity, to strike the statute down as unconstitutional. *Id.* at 798. The Commonwealth posits that *Reneer* is dispositive of the separation of powers issue raised in this case. However, although *Reneer* granted comity to the statute as then written, it clearly did not intend to approve in advance any and all future amendments of KRS 532.055, such as the one challenged in this case.

> We reiterate that this court has the power to preempt the statute by the promulgation of different rules of procedure at any time we determine it necessary. We reserve the right to consider any abuses or injustices alleged to be caused by K.R.S. 532.055 when presented by a proper case....

*Reneer,* at 798.

Nevertheless, for the same reason expressed in *Reneer* with respect to evidence of the nature and extent of a defendant's prior criminal record, we also find that the provision of KRS 532.055(2)(a)6 that permits introduction of a defendant's juvenile court records during the penalty phase of a trial is "not an unreasonable encroachment" upon the prerogatives of the judiciary. *Reneer,* at 797. The confidentiality afforded to juvenile records was created by the legislature, KRS 610.340(1), not the judiciary, and disclosure of juvenile records under these circumstances does not implicate any constitutional right, *J.P. v. DeSanti,* 653 F.2d 1080, 1088 (6th Cir. 1981), *cf. Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976), including the recently defined so-called "right to informational privacy." *Compare Whalen v. Roe,* 429 U.S. 589, 599–600, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *Doe v. New York,* 15 F.3d 264, 267 (2d Cir. 1994); *Doe v. Attorney General,* 941 F.2d 780, 795 (9th Cir.1991).

■ We conclude otherwise, however, with respect to the provision of KRS 532.055(2)(a)6 that purports to permit use of a prior juvenile adjudication for impeachment purposes. We note first that KRS 532.055(2)(a) limits its application to "[e]vidence...relevant to sentencing." The impeachment of Appellant by use of his 1994 juvenile adjudication occurred during the guilt phase of his trial, not the sentencing phase. Regardless, whether the provision in KRS 532.055(2)(a)6 that permits impeachment by use of a juvenile adjudication is construed as applicable only to the penalty phase or to both phases of a trial, its subject matter falls within the scope of KRE 609(a), which "occupies the field" with respect to impeachment by prior criminal adjudication. *Garrett v. Commonwealth,* Ky., 48 S.W.3d 6, 14 (2001). KRE 609(a) provides in pertinent part:

For the purpose of reflecting upon the credibility of a witness, evidence that the witness has been *convicted of a crime* shall be admitted if elicited from the witness or established by public record if denied by the witness, *but only if the crime was punishable by death or imprisonment for one (1) year or more under the law under which the witness was convicted ....* (Emphasis added.)

It is unclear whether KRS 532.055(2)(a)6 was intended to amend KRE 609 to permit impeachment by adjudications other than felony criminal convictions, or whether it was intended to equate a juvenile adjudication with a felony criminal conviction. The latter seems more likely in view of the fact that the provision specifically provides that admission of prior juvenile adjudications is "[s]ubject to the Kentucky Rules of Evidence." Either way, however, the provision fails.

By both case law and statute, a juvenile adjudication is not a criminal conviction, but an adjudication of a status. *Coleman*

*v. Staples,* Ky., 446 S.W.2d 557, 560 (1969) (citing *Cotton v. United States,* 355 F.2d 480, 481 (10th Cir.1966)). KRS 635.040 provides:

No adjudication by a juvenile session of District Court shall be deemed a conviction, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from a criminal conviction, nor shall any child be found guilty or be deemed a criminal by reason of such adjudication.

Nor was Appellant subject to punishment by death or imprisonment because of his admission of guilt of wanton endangerment in the first degree. Since that offense is only a Class D felony, KRS 508.060(2), and Appellant had neither been previously adjudicated a public offender for a felony offense nor attained the age of sixteen at the time the offense was committed, he did not qualify for youthful offender status, thus was not eligible for sentencing as an adult. KRS 635.020(3).

The drafters of the Kentucky Rules of Evidence had proposed the adoption of a rule identical to Federal Rule (FRE) 609. Evidence Rules Study Committee, Final Draft, KRE 609 (1989). FRE 609(a) permits impeachment of a witness by evidence of either a prior conviction of a felony or a prior conviction of a misdemeanor if that misdemeanor offense involved dishonesty or false statement. FRE 609(d) provides as follows with respect to juvenile adjudications:

*Evidence of juvenile adjudications is generally not admissible under this rule.* The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness *other than the accused* if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue

of guilt or innocence. (Emphasis added.)

Thus, the federal rule (1) recognizes the general rule that prior juvenile adjudications are inadmissible, (2) specifically precludes use of a prior juvenile adjudication of the accused to impeach his/her credibility as a witness at his/her own trial, but (3) permits use of a prior juvenile adjudication under limited circumstances in a subsequent criminal case of another, *e.g.*, to impeach the adjudicatee's credibility as a witness against an accused. For cases applying the various versions of Rule 609 to prior juvenile adjudications, *see generally*, Annotation, Daniel E. Feld, *Use of Judgment in Prior Juvenile Court Proceeding to Impeach Credibility of Witness*, 63 A.L.R.3d 1112 (Lawyer's Co-op 1975). If any further clarification were needed that even the federal rule does not permit use of a prior juvenile adjudication to impeach the accused at his/her own subsequent trial, the Advisory Committee's notes state that "no discretion is accorded when the witness is the accused in a criminal case." FRE 609 (1972 Advisory Committee's Notes). Kentucky courts have never permitted use of a prior juvenile adjudication to impeach the credibility of a witness even if the adjudication was for an offense equivalent to a felony. *Thomas v. Commonwealth*, Ky., 864 S.W.2d 252, 262 (1993) (Leibson, J., concurring in part/dissenting in part), *cert. denied*, 510 U.S. 1177, 114 S.Ct. 1218, 127 L.Ed.2d 564 (1994).

The General Assembly initially adopted KRE 609 in the form proposed by drafters of the evidence rules, KRS 422A.0609, 1990 Ky.Acts, ch. 88, § 42, subject to the approval of the Supreme Court. *Id.*, § 93. The Court, however, disapproved the draft insofar as subsection (a) permitted impeachment by evidence of a misdemeanor conviction and insofar as subsection (d) permitted impeachment by evidence of a juvenile adjudication under any circumstances. In conformance with that disapproval, subsection (d) was deleted in its entirety, and the rule was ultimately adopted in its present form. 1992 Ky. Acts, ch. 324, § 15. On the basis of case law, statute, and the history of KRE 609, it is clear that there was never an intent that a juvenile adjudication would equate to a felony criminal conviction for purposes of the rule.

If KRS 532.055(2)(a)6 was intended as a unilateral amendment of KRE 609, its enactment violated both Section 28 and KRE 1102(b). "The provisions of Article VI, Rules 601 through 615, are procedural in the purest sense, and it is hard to see any basis for a conclusion that the General Assembly can act on its own to amend them." Robert G. Lawson, *Modifying the Kentucky Rules of Evidence—A Separation of Powers Issue*, 88 Ky.L.J. 525, 573 (1999–2000). Any amendment to KRE 609 must be in accordance with KRE § 1102. A unilateral attempt to amend the rule is a nullity.

Appellant also complains about the nature of the prosecutor's penalty phase closing argument. However, the issue was not preserved by contemporaneous objection, KRE 103(a)(1), and we are unable to conclude that any manifest injustice resulted from the nature of the argument. KRE 103(e); RCr 10.26.

Accordingly, the judgment of conviction and the sentence imposed upon Appellant are reversed, and this matter is remanded to the Jefferson Circuit Court for a new trial at which the records of Appellant's prior juvenile adjudication shall be admissible only during the penalty phase of the trial, if there is one, and shall not be admissible during either phase of the trial for the purpose of impeachment.

LAMBERT, C.J., GRAVES, JOHNSTONE, KELLER and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because KRE 609 and KRS 532.055(2)(a)(6) do not conflict; the former only refers to instances where a person has been convicted of a crime. The offense Manns was impeached with was adjudicated in juvenile court and this particular rule of evidence has no application. KRS 532.055(2)(a)(6) is applicable and should be granted comity.

The Court of Appeals was correct in determining that a person may properly be impeached under the plain language of KRS 532.055 and that the statute in question is not an abrogation of judicial power because it follows the clearly delineated precedent established by this Court. KRS 532.055(2)(a)(6) controls, and to the extent that KRS 610.320(4) and KRS 635.040 are in conflict, the former statute controls.

Finally, the closing argument as it concerned sentencing guidelines was possibly inappropriate but the Court of Appeals was correct in ruling that the claim by Manns was unpreserved and that no palpable error occurred.

I would affirm the conviction.