**Nelson LOPEZ Appellant,**

v.

**COMMONWEALTH OF KENTUCKY**
**Appellee.**

No. 2003–SC–0878–DG.

Supreme Court of Kentucky.

Oct. 20, 2005.

Fred E. Peters, Ashley Rogers Dye, Lexington, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, State Capitol, Frankfort, Leigh A.P. Honaker, Assistant Fayette County Attorney, Lexington, Counsel for Appellee.

Opinion of the Court by Justice COOPER.

A Fayette District Court jury convicted Appellant, Nelson Lopez, of operating a motor vehicle with alcohol concentration of or above 0.08, KRS 189A.010(1)(a), and he was sentenced to twenty-one days in jail (reduced to ten days) and a $500.00 fine. His appeal arrives in this Court in an unusual posture. The only issue presented to us is whether the district court properly instructed the jury on this offense as redefined by the 2000 General Assembly. Appellant, who was convicted under the instruction, claims the instruction was proper. The Commonwealth, which obtained Appellant's conviction under the instruction, claims it was improper. The instruction was as follows:

> You will find the defendant guilty if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(A) That in this county on or about October 11, 2002, the defendant was operating or in physical control of a motor vehicle;

AND

(B) That while so doing his blood alcohol concentration was .08 or greater;

AND

(C) The sample of the Defendant's breath was taken within two hours of cessation of the operation or physical control of the motor vehicle.

Following his conviction, Appellant appealed to the Fayette Circuit Court, asserting that (1) the district court erroneously permitted the Commonwealth to introduce a videotape of his field sobriety test performed immediately prior to his arrest and approximately one hour before his blood alcohol test; and (2) the district court erroneously allowed the prosecutor to tell the jury during her opening statement and closing argument that the jury could convict Appellant of the offense if his blood alcohol content was 0.08 at the time of the blood alcohol test, regardless of what it may have been at the time he was operating his motor vehicle. Although the Commonwealth had objected to the instruction given by the district court, it did not cross-appeal on that issue.

The circuit court held that it was reversible error to permit the Commonwealth to introduce the videotape of the field sobriety test because, except for operating a motor vehicle, the only element of this offense is having a blood alcohol concentration of 0.08 or more. The circuit court reasoned that, since Appellant did not argue that his blood-alcohol level registered

0.08 because of a malfunctioning machine (rather than intoxication), the field sobriety test was irrelevant.[1] The circuit court then held that the statements by the prosecutor were not erroneous under the 2000 version of the statute, but that the instruction was erroneous, and directed the district court upon retrial to instruct the jury in accordance with the 2000 amendment of the statute.

Appellant filed a motion for the Court of Appeals to take discretionary review of the instruction issue. The Commonwealth did not file a cross-motion with respect to the circuit court's reversal for a new trial because of the admission of the field sobriety test. When the Court of Appeals denied discretionary review, Appellant moved this Court to take discretionary review of the instruction issue. Again, the Commonwealth did not file a cross-motion for discretionary review. Thus, the circuit court's reversal for a new trial because of the admission of the field sobriety test is not an issue before this Court. *Green River Dist. Health Dep't v. Wigginton,* 764 S.W.2d 475, 479 (Ky.1989), *superseded by statute on other grounds as stated in Withers v. Univ. of Ky.,* 939 S.W.2d 340, 344–45 (Ky.1997). This case will be retried. The only issue before us is how to properly instruct the jury upon retrial.

KRS 189A.010(1)(a), as amended by the 1991 General Assembly, was entitled "AN ACT relating to driving while impaired," and provided:

(1) No person shall operate or be in physical control of a motor vehicle anywhere in this state:

(a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol con-

**1.** See generally *Commonwealth v. Mattingly,* 98 S.W.3d 865 (Ky.App.2002) (construing the pre–2000 version of the statute), for an accurate analysis of this issue.

centration in Section 1 of this Act [KRS 189A.005].

1991 Ky. Acts (1st extra.sess.), ch. 15, § 2. As compiled, the statute was entitled "Operating motor vehicle with alcohol concentration *of or above 0.10* ...." (Emphasis added.)

As amended by the 2000 General Assembly, KRS 189A.010(1) and (2) provide:

> (1) A person shall not operate or be in physical control of a motor vehicle anywhere in this state:
>
> (a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle;
>
> . . . .
>
> (2) ... [I]f the sample of the person's blood or breath that is used to determine the alcohol concentration thereof was obtained more than two (2) hours after cessation of operation or physical control of a motor vehicle, the results of the test or tests shall be inadmissible as evidence in a prosecution under subsection (1)(a) or (e) of this section. The results of the test or tests, however, may be admissible in a prosecution under subsection (1)(b) or (d) of this section.[2]

2000 Ky. Acts, ch. 467, § 2. The title of the amended Act was "AN ACT relating to crimes and punishments." The title of the statute as compiled was changed only to read, "Operating motor vehicle with alcohol concentration *of or above 0.08* ...." (Emphasis added.)

The Commonwealth asserts and the Fayette Circuit Court agreed that the 2000 amendment of KRS 189A.010 criminalized having a blood alcohol content of 0.08 or more at the time the accused's blood or breath was tested, so long as the test was conducted within two hours of cessation of driving. Thus, the Commonwealth claims the instruction should properly read:

> You will find the defendant guilty if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> (A) That in this county on or about October 11, 2002, the defendant was operating or in physical control of a motor vehicle;
>
> AND
>
> (B) The defendant had a blood alcohol concentration of 0.08 or above *as measured by a scientifically reliable test or tests* of a sample of the person's breath or blood *taken within two (2) hours* of cessation of operation or physical control of a motor vehicle.

(Emphasis added.)

 The parties agree that if the test is not taken within two hours of cessation of operation or physical control of a motor vehicle, the Commonwealth cannot prosecute under KRS 189A.010(1)(a) but must proceed under KRS 189A.010(1)(b)[3] or (d).[4] Assuming the test was taken within

---

2. We are not asked here to determine the constitutionality of KRS 189A.010(2). *But see Manns v. Commonwealth,* 80 S.W.3d 439, 445–46 (Ky.2002) (holding unconstitutional statute that purported to unilaterally amend the Kentucky Rules of Evidence).

3. KRS 189A.010(1)(b) prohibits the operation of a motor vehicle "[w]hile under the influence of alcohol."

4. KRS 189A.010(1)(d) prohibits the operation of a motor vehicle "[w]hile under the combined influence of alcohol and any other substance which impairs one's driving ability."

two hours of cessation of operation of a motor vehicle, the issue becomes whether the statute prohibits having a blood alcohol content of 0.08 or more while operating a motor vehicle or by having a blood alcohol content of 0.08 or more while taking the blood alcohol test.

In his brief and at oral argument, Appellant posited several scenarios in which a person could be convicted of having a blood alcohol content of 0.08 or more while taking the blood alcohol test even though the person had a lower blood alcohol level, or no blood alcohol level at all, when he or she ceased operating a motor vehicle less than two hours prior to taking the test. *E.g.,* (1) a person's vehicle breaks down on the highway and he consumes alcohol while awaiting assistance; (2) a person is involved in a hit-and-run accident on his way home from work and consumes alcohol at home during the interim before the police arrive; or (3) a person drives to a bar and consumes alcohol, then is arrested at the bar for disorderly conduct.

Appellant also claims (but offered no proof at trial) that as much as sixty to ninety minutes can expire after alcohol is consumed before it is actually absorbed into the blood stream. A test conducted in this interim might show a blood alcohol level of 0.08 at the time of the test whereas the blood alcohol level was less than 0.08 at the time of operation of a motor vehicle. We held in *Commonwealth v. Wirth,* 936 S.W.2d 78 (Ky.1996), that the Commonwealth does not have to produce an expert witness to extrapolate the blood alcohol level back from the time of the blood alcohol test to the time the accused ceased operation of the motor vehicle. *Id.* at 83–84. However, that does not mean the accused cannot introduce such evidence, if such exists and it would tend to be exculpatory.[5]

We conclude that the Fayette Circuit Court misconstrued the 2000 amendment of the statute. The General Assembly intended to criminalize the existence of a blood alcohol concentration of 0.08 or more only if the accused was then operating or in physical control of a motor vehicle. The addition of the two-hour time limitation was intended only to prescribe the period in which a blood alcohol test must be administered in order to sustain a conviction solely on the basis of the results of the test. Substitution of the word "having" for "while" is of no consequence. If there were no other subsections of the statue, it would no doubt read: "A person having an alcohol concentration of 0.08 or more ... shall not operate or be in physical control of a motor vehicle anywhere in this state." The only two elements of this offense are (1) having a blood alcohol concentration of 0.08 or more and (2) operating or being in physical control of a motor vehicle. *Cf. Hayden v. Commonwealth,* 766 S.W.2d 956 (Ky.App.1989). Those two elements must coincide. If the Commonwealth believes it cannot prove that the accused's blood alcohol concentration was 0.08 at the time he was operating a motor vehicle, it can opt to proceed under one of the alternative theories provided by the statute. Under KRS 189A.020(1)(b) and (d), the blood alcohol concentration creates only an evidentiary presumption whereas under KRS 189A.020(1)(a), it is an element of the offense. *King v. Commonwealth,* 875 S.W.2d 902, 902 (Ky.App.1993).

Our conclusion in this regard means that the jury instruction given by the Fayette District Court was not fatally flawed and

that the prosecutor should not have been permitted to tell the jury that Appellant's blood alcohol concentration did not have to be 0.08 or more at the time he was operating his motor vehicle so long as it was at that level when the test was administered. Though not given in the exact language of the statute, elements (A) and (B) of the instruction required the jury to find beyond a reasonable doubt that Appellant had a blood alcohol concentration of 0.08 or more at the time he was operating or in physical control of a motor vehicle. Element (C) with respect to the two-hour time limit was uncontested and presumably included in the instruction out of an abundance of caution. Unfortunately, it was Part (C) that the prosecutor used to support her erroneous closing argument. Nothing would preclude the parties from stipulating to this issue to avoid confusing the jury.

Accordingly, we reverse the Fayette Circuit Court and hold that the Fayette District Court properly instructed the jury but erroneously failed to sustain the objections to the prosecutor's opening statement and closing argument. We remand this case to the Fayette District Court for retrial in accordance with this opinion and with the Fayette Circuit Court's ruling on the evidence issue.

LAMBERT, C.J.; GRAVES, JOHNSTONE, ROACH, and SCOTT, JJ., concur.

WINTERSHEIMER, J., concurs in result only without opinion.