Melissa Kay VELTROP, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–000385–DG.

Court of Appeals of Kentucky.

Aug. 1, 2008.

Discretionary Review Denied by Supreme Court Nov. 19, 2008.

Julia K. Pearson, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Frankfort, KY, James Robert Norris, Special Assistant Attorney General, Glasgow, KY, for appellee.

Before MOORE and WINE, Judges; BUCKINGHAM, Senior Judge.[1]

*OPINION*

BUCKINGHAM, Senior Judge.

Melissa Kay Veltrop entered a conditional plea of guilty to driving under the influence, first offense, in violation of Kentucky Revised Statutes (KRS) 189A.010. She reserved the issue of whether KRS 189A.010(2) is unconstitutional because, she alleges, it violates the separation of powers principle by unilaterally adopting amendments or additions to the Kentucky Rules of Evidence (KRE). We conclude that Veltrop has not suffered any injury by the application of the statute and thus lacks standing to challenge its constitutionality. Therefore, we affirm.

Veltrop was observed operating a motor vehicle in Barren County at 1:24 a.m. on October 2, 2005, by a member of the Glasgow police department. She admitted to consuming a quantity of alcoholic beverages, and she failed a series of field sobriety tests. She was placed in custody at 1:55 a.m. and taken to jail. A breath sample was obtained and tested at 2:35 a.m., showing she had a blood/alcohol concentration of .166 grams/210L, or over twice the legal limit.

After Veltrop was arraigned in the Barren District Court, entered a plea of not guilty, and requested a jury trial, her attorney filed a motion to declare KRS 189A.010(2) unconstitutional.[2] The district court denied the motion but granted her request to enter a conditional plea of guilty pending the outcome of an appeal to the Barren Circuit Court.

The circuit court affirmed the order of the district court, stating that there is "a strong presumption that acts of the General Assembly are constitutional." The circuit court, sitting as an appellate court, found "nothing in the record that would overcome this presumption." We thereafter granted discretionary review.

The relevant portion of KRS 189A.010 states as follows:

(1) A person shall not operate or be in physical control of a motor vehicle anywhere in the state:

(a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two

(2) hours of cessation of operation or physical control of a motor vehicle;

. . . .

(2) With the exception of the results of the tests administered pursuant to KRS 189A.103(7), if the sample of the per-

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Veltrop has since abandoned constitutional challenges to other portions of KRS 189A.010 that she had raised in her motion.

son's blood or breath that is used to determine the alcohol concentration thereof was obtained more than two (2) hours after cessation of operation or physical control of a motor vehicle, the results of the test or tests shall be inadmissible as evidence in a prosecution under subsection (1)(a) or (e) of this section. The results of the test or tests, however, may be admissible in a prosecution under subsection (1)(b) or (d) of this section.

KRS 189A.010(2).

■ Veltrop argues that KRS 189A.010(2) is unconstitutional because it violates the separation of powers principle set forth in the Kentucky Constitution. She refers to sections 27, 28, and 116 therein. Veltrop contends that KRS 189A.010(2) is an encroachment by the legislature on the power of the judicial branch to make rules for practice and procedure in the courts.

■ "The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments[.]" Ky. Const. § 27. No unit of government "shall exercise any power properly belong to either of the others, except in instances hereinafter expressly directed or permitted." Ky. Const. § 28. "The Supreme Court shall have the power to prescribe ... rules of practice and procedure for the Court of Justice." Ky. Const. § 116. Whether evidence is relevant to the facts of a case is within the exclusive confines of the "practice and procedure" of the judicial branch of government. *O'Bryan v. Hedgespeth*, 892 S.W.2d 571, 576 (Ky.1995).

The Commonwealth asserts that since Veltrop's breath sample was obtained one hour and eleven minutes after her cessation of operation of her motor vehicle, she lacks standing to challenge the constitutionality of the statute. The Commonwealth reasons that "even if Appellant were to prevail in having K.R.S. 189A.010(2) held unconstitutional, it would have no bearing on her case with her breath sample having been obtained before the two hour mark." Thus, the Commonwealth asserts that Veltrop "can derive no benefit, nor avoid any detriment, based on the outcome of whether K.R.S. 189A.010(2) is held unconstitutional."

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992), the U.S. Supreme Court stated as follows:

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." (citations omitted)

In *Akers v. Floyd County Fiscal Court*, 556 S.W.2d 146 (Ky.1977), the Kentucky Supreme Court stated that "[i]t goes without saying that a person who is injured or prejudiced by an unconstitutional law can complain of it." *Id.* at 149.

■ In order for a person to be guilty of violating KRS 189A.010(1)(a), he or she must have been operating or in physical control of a motor vehicle in this state and must have had a blood alcohol concentration of 0.08 or more as registered by a scientifically reliable test or tests of his or her breath or blood taken within two hours

of his or her cessation of operation or physical control of a motor vehicle. *See Lopez v. Commonwealth,* 173 S.W.3d 905, 908 (Ky.2005). Furthermore, the two-hour limit in KRS 189A.010(1)(a) is an element of the offense. *Id.* at 909. It is not a rule of evidence.

Veltrop contends that KRS 189A.010(2), which states that breath or blood test results taken more than two hours following the cessation of the operation or physical control over a vehicle are inadmissible, is unconstitutional as a rule of evidence which violates the separation of powers principle. While this portion of the statute may be unconstitutional as a rule of evidence,[3] we fail to see how Veltrop has standing to challenge it. *See Lujan, supra; Akers, supra.*

Veltrop's test result was obtained well within the two-hour limit that is set forth as an element of the offense in KRS 189A.010(1)(a). Because the test result was within that time period, KRS 189A.010(2) had no relevance or application to her case. She therefore could not have suffered any injury or harm. *See also Second St. Properties, Inc. v. Fiscal Court of Jefferson County,* 445 S.W.2d 709, 716 (Ky. 1969); *Merrick v. Smith,* 347 S.W.2d 537, 538 (Ky.1961)("It is an elementary principle that constitutionality of a law or its application is not open to challenge by a person or persons whose rights are not injured or jeopardized thereby.")

The judgment of the Barren Circuit Court is affirmed.

MOORE, Judge, Concurs.

WINE, Judge, Concurs, and Files Separate Opinion.

WINE, Judge, Concurring:

While I concur with the majority opinion that Veltrop lacks standing to challenge the constitutionality of KRS 189A.010(2), it is apparent the Kentucky Supreme Court has questioned the constitutionality of this provision. *See Lopez v. Commonwealth,* 173 S.W.3d 905, 907 (Ky.2005). It would appear from a plain reading of KRS 189A.010(2), the only party which may have standing to challenge this subsection would be the County Attorney or Commonwealth Attorney should a trial court grant a motion to suppress results obtained from a test more than two hours after the driver is stopped. The prosecution might well argue that the rules addressing admissibility, relevance and expert testimony have been superseded by the legislative enactment under KRS 189A.010(2).

---

**3.** The Kentucky Supreme Court in the *Lopez* case noted that it was not therein being asked to determine the constitutionality of KRS 189A.010(2). Nevertheless, it referenced *Manns v. Commonwealth,* 80 S.W.3d 439, 445–46 (Ky.2002), wherein it held unconstitutional a statute that purported to unilaterally amend the Kentucky Rules of Civil Procedure. *See Lopez,* 173 S.W.3d at 907 n. 2.