Kelly W. KING, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–CA–002910–DG.

Court of Appeals of Kentucky.

Dec. 29, 1993.

Discretionary Review Denied by Supreme Court June 15, 1994.

William E. Burt, Jr., Stanton, for appellant.

Chris Gorman, Atty. Gen., Kent T. Young, Asst. Atty. Gen., Frankfort, for appellee.

Before GARDNER, SCHRODER and WILHOIT, JJ.

SCHRODER, Judge:

This is an appeal of a conviction for a per se DUI, wherein the defendant alleges error in admitting a BA result of .10 where the intoxilyzer machine in question has a margin of error of plus/minus .005.

The appellant, Kelly W. King, was stopped and arrested on May 23, 1992, on the charge of DUI. Shortly thereafter, appellant was tested on an Intoxilyzer 5000 which gave a reading of .100. The uncontroverted evidence disclosed the machine's margin of error to be within plus/minus .005. The .100 reading was admitted into evidence, and the appellant was subsequently convicted (September 23, 1992) of violating KRS 189A.010(1)(a) (per se DUI), of having an alcohol concentration in his blood or breath of 0.10 or more.

On appeal, appellant alleges his right to due process of law was violated when his motion for a directed verdict of acquittal was overruled, given the fact that the intoxilyzer test results were within the machine's margin of error. Simply stated, is an Intoxilyzer 5000 reading of .100 sufficient, probative evidence to prove beyond a reasonable doubt that a person has an "alcohol concentration in his blood or breath of 0.10 or more" as required by KRS 189A.010(1)(a) when the intoxilyzer machine in question has a margin of error of plus/minus .005? We think that it is and affirm the circuit court.

KRS 189A.010(1)(a) creates a criminal offense for operating a motor vehicle while having an alcohol concentration of .10 or above, regardless of available evidence that the accused is not under the influence of alcohol. This is commonly referred to as "per se under the influence." With this reading in evidence, the Commonwealth doesn't need to go further, nor can the defense introduce evidence to show the defendant was not under the influence. That issue becomes irrelevant as the content of .10 or more in and of itself, becomes the crime, unlike in *Allen v. Commonwealth,* Ky.App., 817 S.W.2d 458 (1991). As such, the .10 alcohol concentration becomes an element of the crime, not merely evidence of a DUI.

In the case sub judice, the .100 reading was sufficient evidence of the element of the

crime charged. In this imperfect world, any machine, including intoxilyzers, are going to have a margin of error. That is a given. The question then becomes how much of a margin of error will be tolerated before the reading is no longer credible or of any probative value. It is our opinion that the margin of error should be considered to determine the probative value of the intoxilyzer reading. The issue of admissibility based on the reliability of this evidence is an issue for the judge. In the case sub judice, the trial judge decided the reading was accurate enough to be of probative value and admitted the reading into evidence. We concur. The probative value, the accuracy of the .100 reading where there is a given margin of error of .005, is sufficient where the statute requires an alcohol concentration of .10 in order to find guilt. The .005 margin of error leaves the possibility of the absolute true reading to fall within the range of .095 to .105. That is a possibility of five thousandths above or below a true reading. Where the legislature speaks in terms of an alcohol concentration of .10, they merely went into the hundreds.

Is the reading accurate or reliable enough to find that element of the crime beyond a reasonable doubt? We don't define the term reasonable doubt to the jury (see *Commonwealth v. Callahan*, Ky., 675 S.W.2d 391 (1984); RCr 9.56), nor do we give percentages of guilt to reach reasonable doubt. However, we do know that "beyond a reasonable doubt" does not mean beyond "any" doubt. To exclude a reading with a possible error of five thousandths would be requiring the Commonwealth to prove in the realm of beyond "any" doubt. That is more than required in *Owens v. Commonwealth*, Ky., 487 S.W.2d 897 (1972) for admissibility and more than *Perry v. Commonwealth, ex rel. Kessinger*, Ky., 652 S.W.2d 655 (1983).

For the foregoing reasons, we affirm the decision of the Wolfe Circuit Court.

WILHOIT, J., concurs.

GARDNER, J., concurs in result only.