COMMONWEALTH of Kentucky, Appellant,

v.

Joseph Corey MATTINGLY, Appellee.

No. 2001–CA–001096–DG.

Court of Appeals of Kentucky.

Aug. 16, 2002.

Discretionary Review Denied March 12, 2003.

Case Ordered Published by Supreme Court March 12, 2003.

Joseph H. Mattingly, III, Lisa K. Nally–Martin, Office of the Marion County Attorney, Lebanon, KY, for appellant.

Samuel Todd Spalding, Jonathan R. Spalding, Lebanon, KY, for appellee.

Before COMBS, DYCHE, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

The Commonwealth brings this matter on discretionary review from an opinion and order of the Marion Circuit Court which set aside a conditional guilty plea entered by Joseph Corey Mattingly to the charge of driving under the influence (DUI), first offense.[1] The Commonwealth asserts that when it elects to prosecute a DUI charge under KRS 189A.010(1)(a), a defendant may not present any evidence attempting to prove that he or she was not under the influence of alcohol. Rather, the Commonwealth contends that the defendant's blood- or breath-alcohol concentration is the primary relevant factor in such a prosecution. We agree with the circuit court, however, that Mattingly was entitled to present any evidence which tended to impugn the results of the breath- and blood-alcohol concentration test, including evidence of his performance on field sobriety tests. Hence, we affirm the circuit court and remand for further proceedings.

The facts underlying this appeal are not in dispute. Following a traffic stop on February 18, 2000, Mattingly was arrested and charged with DUI, first offense. Prior to the scheduled trial in Marion District Court, the Commonwealth announced that

1.  KRS 189A.010(1).

it was electing to prosecute Mattingly under KRS 189A.010(1)(a)—the so-called "DUI *per se*" provision. The Commonwealth stated that it intended to produce only evidence that Mattingly was operating a motor vehicle on February 18, 2000, and at that time he had blood- or breath-alcohol concentration of .10 or higher.[2] Based upon this election, the Commonwealth filed a motion *in limine*, seeking to exclude the introduction of any evidence concerning whether Mattingly was under the influence of alcohol on February, 18, 2000, including evidence of the field sobriety test conducted by the arresting officer. Mattingly opposed the motion, contending that such evidence was relevant to challenge the results of his breathalyzer test.

The district court ultimately granted the Commonwealth's motion. The court recognized that field sobriety tests have long been used to prove or disprove that an accused was driving under the influence. However, because impaired driving is not at issue to prove DUI *per se*, the court reasoned that in this case such evidence is irrelevant. Thereafter, Mattingly entered a conditional plea of guilty,[3] reserving the right to appeal the district court's evidentiary ruling.

On appeal, the Marion Circuit Court reversed, determining that field sobriety tests and evidence which may show that a defendant was not under the influence would be relevant to challenge the accuracy of the breathalyzer test. The court concluded that excluding this evidence would violate an accused's constitutional rights to present a defense. Accordingly, the court set aside the guilty plea and remanded the matter to district court for further proceedings.

The Commonwealth then filed a motion for discretionary review,[4] which this Court granted on August 10, 2001. The central issue in this case concerns the relevancy of evidence in a prosecution for DUI *per se*. At the time of the offense, KRS 189A.010(1) required the Commonwealth to prove that a person was operating or in control of a motor vehicle; and that said person either: (a) had an blood- or breath-alcohol concentration of .10 or more;[5] (b) was under the influence of alcohol; (c) was under the influence of any other substance which impairs one's driving ability; (d) was under the combined influence of alcohol and any other substance which impairs one's driving ability; or (e) was under the age of 21 and had a blood- or breath-alcohol concentration of 0.02 or more. However, these are not separate offenses, but merely alternative means of proving the offense of DUI.[6]

In *King v. Commonwealth*,[7] this Court addressed the evidence necessary to support a conviction under the statute. The defendant in *King* pointed out that the Commonwealth had only presented evidence showing that he was tested on an Intoxilyzer 5000 machine, which gave a reading of .10. The defendant argued that he was entitled to a directed verdict be-

---

2. We note that Mattingly was initially charged under KRS 189A.010(1)(e), which criminalizes the operation of a motor vehicle with a blood- or breath-alcohol content of .02 or higher when the operator is under the age of 21.

3. RCr 8.09.

4. CR 76.20.

5. In 2000, the General Assembly amended KRS 189A.010(1)(a), lowering the minimum alcohol concentration from .10 to .08. 2000 *Ky. Acts* ch. 467 § 2 (*eff.* October 1, 2000).

6. *Commonwealth v. Wirth*, Ky., 936 S.W.2d 78, 80 (1996).

7. Ky.App., 875 S.W.2d 902 (1993).

cause his test results were within the machine's margin of error.

This Court rejected the argument that the accuracy of the .10 reading, where the machine had a margin of error of .005, was not reasonably reliable evidence for a jury to find the elements of the offense beyond a reasonable doubt.[8] However, in *dicta*, this Court expounded on the proof which is relevant to prove the elements for DUI *per se:*

> KRS 189A.010(1)(a) creates a criminal offense for operating a motor vehicle while having an alcohol concentration of .10 or above, regardless of available evidence that the accused is not under the influence of alcohol. This is commonly referred to as "per se under the influence." With this reading in evidence, the Commonwealth doesn't need to go further, *nor can the defense introduce evidence to show the defendant was not under the influence* . That issue becomes irrelevant as the content of .10 or more in and of itself, becomes the crime, unlike in *Allen v. Commonwealth,* Ky. App., 817 S.W.2d 458 (1991). As such, the .10 alcohol concentration becomes an element of the crime, not merely evidence of a DUI.[9]

Following this Court's decision in *King*, many defendants read this language as requiring the Commonwealth to elect to prosecute DUI cases under a specific sec-

tion of KRS 189A.010(1). Defendants contended that if such an election were not required, they could not make a reasonable decision concerning what evidence to present in rebuttal. Indeed, defendants further asserted that if they guessed wrong and prepared a defense based upon other sections of KRS 189A.010(1), that evidence could be excluded as irrelevant under the *per se* provisions of subsection (1)(a). Thus, they argued that due process required either that the Commonwealth make an election if it intended to prosecute the charge as a DUI *per se*, or that they be permitted to present evidence supporting a defense under any provision of KRS 189A.010(1).

■ Our Supreme Court rejected this argument in *Commonwealth v. Wirth*,[10] holding that the Commonwealth is not required to make such an election. Rather, the Court held that the Commonwealth is entitled to present evidence of DUI on all grounds where there is evidence to support a conviction.[11] The Supreme Court went on to address the elements required to prove DUI *per se*, citing with approval a portion of the above discussion in *King*. However, the Court did not include the language from *King* opining that any evidence showing that the defendant was not under the influence is irrelevant in a prosecution for DUI *per se*.

---

**8.** *Id.* at 903.

**9.** *Id.* at 902 *(Emphasis added).*

**10.** *Supra.*

**11.** *Id.* at 80–81. However, the Court added that:

> While we do not agree with an interpretation that the statute or laws requires an election as to which of the four statutory subsections will be prosecuted to the exclusion of all others, it would appear that fundamental fairness and appropriate trial

> preparation requires notice as to which statutory subsections will be proven by the Commonwealth. Such notice should be given in good faith within a reasonable time prior to trial to permit the defendant to assemble evidence in opposition to the charges against him. A blanket notice covering all possible violations without regard to the available evidence would defeat the purpose and be tantamount to no notice at all.

> *Id.* at 81.

We have now come full circle, with the Commonwealth arguing that it is entitled to make an election concerning under which section of KRS 189A.010(1) it will proceed, and moving to exclude any evidence which might be admissible as a defense under other sections of the statute. Nevertheless, the sole issue presented for our consideration is the relevancy of evidence in a prosecution for DUI *per se*. Relevant evidence is defined by KRE 401 as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

It has been observed that evidence is relevant which "renders a material ultimate fact more probable or less probable than it would be without the item."[12] Stated differently, evidence that tends to prove or disprove an element of a criminal offense is "of consequence to the determination of the action" and, thus relevant.[13]

The Commonwealth asserts that Mattingly should not be allowed to introduce evidence to show that he was not under the influence because that issue is irrelevant to a prosecution for DUI *per se*. Following the reasoning in *King*, the Commonwealth contends that the only relevant issues in a prosecution for DUI *per se* are whether (1) the defendant was operating or in control of a motor vehicle; and (2) the defendant had a blood- or breath-alcohol content of .10 or higher. Because the defendant's blood- or breath-alcohol con-

tent, rather than any actual impairment, constitutes the offense of DUI *per se*, the Commonwealth argues that any evidence seeking to establish that the defendant was not impaired should be excluded as irrelevant. Rather, the Commonwealth asserts that the defendant is limited to presenting expert testimony to challenge the validity of the breathalyzer test results.

As noted above, the reasoning from *King* upon which the Commonwealth relies was not necessary to the outcome of that opinion, and is therefore not binding on this Court.[14] And while the Supreme Court in *Wirth* expressed approval of some of the reasoning of *King*, it did not endorse the portion of the discussion in *King* which related to the exclusion of evidence which would be exculpatory under other sections of the DUI statute. Nevertheless, the lack of any controlling authority merely renders this matter an issue of first impression. Furthermore, we find some merit to the statement in *King* that evidence showing that a defendant was not impaired is not relevant in a prosecution for DUI *per se*.

*King* and *Wirth* both correctly state that there are only two elements necessary to prove DUI *per se*. The controlling issue on the second element is whether a defendant has a blood- or breath-alcohol content of .10 or higher. In addition, KRS 189A.010 also sets out rebuttable presumptions regarding blood- and breath-alcohol readings in prosecutions under KRS 189A.010(1)(b) or (d).[15] But there is no

---

**12.** *Ford Motor Co. v. Fulkerson*, Ky., 812 S.W.2d 119, 127 (1991).

**13.** *See Springer v. Commonwealth*, Ky., 998 S.W.2d 439, 449 (1999).

**14.** *See Cawood v. Hensley*, Ky., 247 S.W.2d 27, 29 (1952); *Stone v. City of Providence*, 236 Ky. 775, 778, 34 S.W.2d 244, 245 (1930).

**15.** At the time of the offense, KRS 189A.010(2) (now KRS 189A.010(3)) provided as follows:

> In any prosecution for a violation of subsection (1)(b) or (d) of this section in which the defendant is charged with having operated or been in physical control of a motor vehicle while under the influence of alcohol, the alcohol concentration in the defendant's

such presumption when the blood or breath-alcohol reading is .10. Rather, evidence of a reading of .10 or higher or above would establish the completed offense of DUI *per se* under KRS 189A.010(1)(a).[16] It follows logically that a defendant cannot rebut a breathalyzer reading of .10 or higher by attempting to prove that he was not actually impaired at the time.

However, we do not read *King* or *Wirth* to stand for the much broader proposition that evidence concerning alcohol intoxication is never relevant in a prosecution for DUI *per se*. To the contrary, we conclude that such evidence may be relevant in some cases. At trial, a defendant could allege that the breathalyzer test must have been inaccurate because he was only slightly intoxicated or not intoxicated at all. To support this position, he could seek to introduce evidence concerning his alcohol intoxication. For example, an accused could offer proof that he suffers a severe alcohol allergy, thus preventing him from consuming alcohol. Similarly, he could offer proof that he only consumed a single alcoholic beverage a considerable time before administration of the breathalyzer test. Clearly, the evidence in the above examples would tend to impugn any contrary results of a breathalyzer test. Likewise, evidence that an accused performed satisfactorily in a field sobriety test could

also tend to impugn the test results showing a blood-alcohol concentration above the legal limit.

 Thus, we conclude that evidence concerning alcohol intoxication can constitute circumstantial proof impugning the accuracy of the blood and breath-alcohol concentration tests. Since a jury is entitled to draw reasonable inferences from circumstantial evidence,[17] such evidence is relevant because it makes less probable a material element of DUI *per se*—whether the accused's blood- or breath-alcohol concentration was .10 or higher. Therefore, the circuit court properly set aside the district court's holding excluding the evidence of Mattingly's performance on the field sobriety tests.

Accordingly, the judgment of the Marion Circuit Court is affirmed and this matter is remanded to the Marion District Court for further proceedings consistent with this opinion.

ALL CONCUR.

blood as determined at the time of making analysis of his blood or breath shall give rise to the following presumptions:

   (a) If there was an alcohol concentration of less than 0.05 based upon the definition of alcohol concentration in KRS 189A.005, it shall be presumed that the defendant was not under the influence of alcohol; and

   (b) If there was an alcohol concentration of 0.05 or greater but less than 0.10 based upon the definition of alcohol concentration in KRS 189A.005, that fact shall not consti-

tute a presumption that the defendant either was or was not under the influence of alcohol, but that fact may be considered, together with other competent evidence, in determining the guilt or innocence of the defendant.

16. *Wirth*, 936 S.W.2d at 81.

17. *Dillingham v. Commonwealth*, Ky., 995 S.W.2d 377, 380 (1999).