**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Eric Rae BELL, Appellee.**

No. 2011–SC–000630–DG.

Supreme Court of Kentucky.

June 20, 2013.

Jack Conway, Attorney General, William Bryan Jones, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellant.

Thomas More Ransdell, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for Appellee.

Opinion of the Court by Justice NOBLE.

Appellee Eric Rae Bell was convicted in Jefferson Circuit Court of first-degree sodomy, tampering with physical evidence, and fourth-degree assault. Bell appealed his convictions to the Court of Appeals, which reversed the sodomy conviction on the grounds that the trial court abused its discretion by excluding statements the victim made to medical personnel about her history of drug use and addiction. On discretionary review, the sole issue before this Court is whether the Court of Appeals was correct that the victim's statements should have been admitted. Concluding that the trial court did not abuse its discretion, this Court reverses the Court of Appeals' judgment as to the sodomy conviction, and reinstates that aspect of the trial court's judgment.

## I. Background

On the night of June 27, 2008, Appellee Eric Rae Bell encountered Patricia Williams, the victim, at a local convenience store. Williams and Bell knew each other

from previous interactions. He offered her a ride to her daughter's house. After they got into Bell's car, he began to punch her in the face and drove to a house, got her out of the car, and pushed her into the house.

Once inside the house, Bell forced Williams to remove her clothing and perform oral sex on him multiple times. He also attempted to have intercourse with her. He was unable to fully engage in intercourse with her, however, and began hitting her in the face with his fists. She asked for permission to use the bathroom. Bell refused, and Williams defecated on the floor,[1] causing Bell to begin beating her again.

Williams was eventually able to strike Bell with a heavy ashtray and run out of the house while nude. Police arrived on the scene soon thereafter and arrested Bell. Williams was taken to the hospital.

Bell was charged with and later indicted for first-degree rape, first-degree sodomy, first-degree assault, tampering with physical evidence, and being a persistent felony offender.

Bell maintained that he and Williams traded sexual favors for crack cocaine and, thus, the sexual acts were consensual. Before trial, several issues were raised as to the proof of consent Bell would be allowed to introduce.

Several months before trial, the trial court ordered that Bell would be allowed to introduce two items of proof tending to show consent. The first was Bell's own testimony that he and Williams had engaged in a sex-for-drugs transaction once in 2007 and the night of the incident. The second was a positive drug test from the hospital showing that Williams had cocaine in her system the night of the incident.

The morning of the first day of trial, the Commonwealth moved to exclude other evidence of Williams's drug history. Specifically, the Commonwealth sought to exclude statements she made to medical personnel and recorded in medical records the night of the incident in which she admitted a twenty-year history of heavy drug use.[2] Bell argued that the statements to medical personnel were admissible as they tended to support his defense that Williams consented in order to satisfy her drug addiction. The trial court granted the Commonwealth's motion, stating again that Bell could testify about what happened on the day of the incident and that he and Williams traded drugs for sex once in 2007, but that Williams's other prior drug use could not be mentioned because it was impermissible character evidence.

Bell was convicted of first-degree sodomy, tampering with physical evidence, and fourth-degree assault. He was sentenced to fifteen years' imprisonment and fined $1000.

The Court of Appeals reversed Bell's first-degree sodomy conviction, holding that the trial court abused its discretion by excluding the medical records with Williams's statements about her long-term drug use and addiction. It held that evidence of Williams's long-term drug use and addiction was permissible character evidence under KRE 404(b) because it tended to show a motive to consent to the sexual acts with Bell. This, according to the Court of Appeals, denied Bell an op-

---

1. Williams testified at trial that she had multiple sclerosis, which caused her to defecate on the floor.

2. Williams told medical personnel that she had used cocaine at least monthly for twenty years, was unsure of the last time she used it or the amount, and that the longest she had ever gone without using was two months.

portunity to fully present his defense theory and thus entitled him to a new trial on the first-degree sodomy charge.[3]

In support of its holding, the court cited the Vermont case *State v. Memoli*, 189 Vt. 237, 18 A.3d 567 (2011), in which the court held that evidence of the rape complainant's drug use thirty days prior to and after the incident was relevant and was highly probative of the defendant's consent theory. The Vermont court rejected the State's claim that this was improper character evidence under Vermont's counterpart to KRE 404(a) because it tended to prove the complainant's "motive to consent to sexual acts with defendant," *id.* at 576, and was thus admissible under Vermont's Rule 404(b).

The Commonwealth sought discretionary review from this Court, arguing that the trial court properly exercised its discretion in excluding the evidence and that the evidence was indeed inadmissible because it was not relevant, unduly prejudicial, unsupported by case law from Kentucky or other jurisdictions, and is an unintended end-around Kentucky's Rape Shield Laws. This Court granted discretionary review.

## II. Analysis

### A. Issues Before The Court

■ Though only the Commonwealth sought discretionary review and raised only one issue, because of certain claims in Bell's brief, this Court must outline precisely what issues are actually before it. Bell claims that the Court of Appeals was correct in reversing his first-degree sodomy conviction, and the Commonwealth argues to the contrary. In his brief, however, Bell raises the additional claim that this Court should also reverse his other

convictions (for tampering with physical evidence and fourth-degree assault convictions), which were expressly affirmed by the Court of Appeals, because the trial court's exclusion of evidence tainted all three convictions.

■ This the Court cannot do because Bell did not file a motion or cross-motion for discretionary review raising this additional claim. The validity of Bell's other convictions is separate from validity of his sodomy conviction. While this Court has loosened the "trap for the unwary" presented by the former requirement of a cross-appeal in certain circumstances, *see Fischer v. Fischer*, 348 S.W.3d 582, 592–93 (Ky.2011), it has not done away completely with the requirement. The rule in this state has long been that "any issues decided against the Appellee[ ] at the Court of Appeals cannot be raised before this Court without a cross-motion for discretionary review." *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky.2007), *abrogated on other grounds by Osborne v. Keeney*, 399 S.W.3d 1 (Ky.2012).

Indeed, in *Fischer*, this Court specifically maintained "the rule requiring a party prejudiced by the lower court to seek a cross-appeal or lose the claims (such as when a party prevails on some claims but loses on others), whether by direct cross-appeal from the trial court's judgment or by cross-motion for discretionary review from the Court of Appeals." *Fischer*, 348 S.W.3d at 593. And thus, where "a party ... [is] aggrieved by the Court of Appeals' judgment, at least in part, ... a cross-motion for discretionary review .... [is] required." *Id.* at 596.

Thus, because Bell did not file a cross-motion for discretionary review as to his other convictions, the Court will only re-

---

**3.** The Court of Appeals also reversed the $1000 fine against Bell because he was indigent at the time of sentencing. That element of its decision has not been appealed.

view Bell's first-degree sodomy conviction.[4] As a result, the only issue before the Court is whether the Court of Appeals erred in reversing Bell's sodomy conviction on the ground that the trial court should have admitted additional evidence of Williams's history of drug use.

## B. Admissibility of Evidence of Williams's Prior Drug Use

■ The Commonwealth argues that the trial court did not err in excluding the evidence of Williams's drug history because it was irrelevant, highly prejudicial, and violated KRE 412. Thus, the Commonwealth claims, the Court of Appeals's decision was in error. Bell argues that the evidence was admissible under KRE 404(b), and that the trial court abused its discretion in excluding it and thereby undermined his constitutional right to present a defense.

■ There is very little case law on this subject in Kentucky. Indeed, the Court of Appeals resorted to a decision from a foreign jurisdiction in reaching its decision.[5] The only Kentucky case close to being on point is *Adkins v. Commonwealth*, 96 S.W.3d 779 (Ky.2003). In that case, this Court stated that evidence of a drug addiction, along with insufficient funds to support that addiction, was "relevant to show a *motive* to commit a crime in order to gain money to buy drugs." *Id.* at 793 (emphasis added). Thus, the Court concluded, such evidence fits with the KRE 404(b) exceptions for evidence of other crimes and bad acts.

Of course, the question in this case is not whether the victim had a motive to commit a crime to get money for drugs but whether she had a motive to consent to sexual acts with Bell, which in turn would tend to prove that she consented. Arguably, the nature of the transaction is the same as in *Adkins* but it skips a step (getting money with which to buy drugs) in favor of a direct exchange. Still, it cannot be said that the rule in *Adkins* applies in this scenario because there is virtually nothing in the trial record or briefs before this Court on the issue of whether Williams could afford drugs.

■ At most, an application of *Adkins* could show that the evidence of the victim's drug use fits within KRE 404(b). But evidence "is not admissible just be-

---

4. Similarly, the Court of Appeals reversed Bell's $1000 fine for fourth-degree assault because he was indigent at the time of sentencing. The Commonwealth does not argue for reversal of the court's judgment on that issue, and thus this Court will not address it.

5. The Court of Appeals went to great lengths to find a case that addresses the admissibility of this kind of evidence. The Vermont case on which it relied for its holding that evidence of prior drug use is admissible to show motive to consent to sexual acts, *State v. Memoli*, 189 Vt. 237, 18 A.3d 567 (2011), demonstrates the Court of Appeals's commitment to fashioning good law based on sound reasoning. Nevertheless, that case is unpersuasive here because its facts are readily distinguishable. There, Vermont Supreme Court reversed a sexual assault conviction because the trial court excluded evidence that the complainant used and sold crack cocaine within thirty days before and after the assault, "which precluded him from presenting his defense that complainant voluntarily exchanged sex for drugs," *id.* at 569, because the evidence was "relevant to demonstrate that [the complainant] had motive to consent to sexual acts with defendant." *Id.* at 576. In *Memoli*, the complainant used and sold crack cocaine within thirty days before and after the assault, whereas here the complainant told medical personnel that she had used cocaine for twenty years. *Memoli*, then, sanctioned the admission of evidence of drug use very close to the time of the offense charged; it did not address decades of drug use. Indeed, *Memoli* appears to support the trial court's decision to allow evidence that Williams tested positive for cocaine at the time of the incident rather than evidence of twenty years of drug abuse.

cause a party asserts that [it] tends to support one of the [KRE 404(b) ] listed purposes." *Commonwealth v. Maddox,* 955 S.W.2d 718, 722 (Ky.1997). Showing the evidence comes within KRE 404(b) is only the first step in deciding the admissibility of the evidence. Additionally, the trial court must weigh the evidence's probativeness against the danger of undue prejudice. *See Bell v. Commonwealth,* 875 S.W.2d 882, 889–90 (Ky.1994). The trial court did so in this case, albeit without stating so explicitly, and found that the additional evidence should not be admitted.

■ Trial courts must apply the rules of evidence to control the trial and to avoid the injection of collateral and overly prejudicial matters. To this end, the trial courts are given the power to determine the admissibility of all evidence and are given substantial leeway—sound discretion—in making those determinations. For this reason, an appellate court will review a trial court's evidentiary rulings for an abuse of discretion, and will determine that a trial court acted within that discretion absent a showing that its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

Bell's stated defense strategy was to show that Williams consented to sexual acts, and thus was not subjected to "forcible compulsion," *see* KRS 510.070(1)(a), because the two were trading drugs for sexual favors. The trial court allowed Bell to testify that he and Williams traded sex for drugs approximately one year earlier and that they had traded drugs for sex the night of the incident. Further, the trial court allowed evidence that Williams tested positive for cocaine the night of the incident. This evidence directly supported Appellant's defense that Williams consented to the sexual acts.

Yet Bell claims that he was entitled to more. He claims, and the Court of Appeals agreed, that the trial court abused its discretion when it excluded evidence of Williams's twenty-year history of drug use and addiction. The Court of Appeals held that the evidence was admissible under KRE 404(b) because, under these specific facts, it tended to show Williams's motive to consent to sexual acts with Bell.

■ When this Court is asked to review a trial court's evidentiary decision, the decision must be reviewed in context of the factual circumstances. Here, the trial court gave Bell an opportunity to present evidence that he and Williams had traded sex for drugs the night of the incident and one other time, and that Williams tested positive for cocaine the night of the incident. But the trial court excluded the additional evidence of Williams's twenty years of drug use and addiction. This proof, if admitted, arguably would have further shown Bell's defense. But it also would have been "piling on," and would have increased the chance that the trial would have become focused on collateral matters related to the victim's history.

In essence, the trial court gave Bell what he needed to present his defense under the facts of this precise case, but it did not give him everything he wanted. Such a decision is a clear exercise of a trial court's discretion, and is not an abuse of that discretion. This Court cannot say that the trial court's decision to forbid Bell from creating a collateral issue about Williams's history of drug use, while still providing Bell with the opportunity to present some evidence of the precise defense he wished, was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English,* 993 S.W.2d at 945.

■ Bell also suggests that even if the evidentiary rules do not require admis-

sion of the evidence, his constitutional right to make a defense does. Every criminal defendant has a "fundamental constitutional right to a fair opportunity to present a defense," *Crane v. Kentucky*, 476 U.S. 683, 687, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), and certainly the exclusion of some evidence may "significantly undermine fundamental elements of the defendant's defense," *United States v. Scheffer*, 523 U.S. 303, 315, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). Trial courts must ensure that this fundamental right to a fair opportunity to present a defense is guaranteed in every case.

 That said, the right to present a defense is not unlimited. Like the Commonwealth, "the accused ... must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). As noted above, Bell was not barred from presenting the defense he wanted; rather, the trial court limited the evidence of it. That limit was a reasonable one, and did not violate Bell's constitutional rights.

### III. Conclusion

Because the trial court did not err in excluding evidence of Williams's prior drug use, the judgment of the Court of Appeals as to Bell's first-degree sodomy conviction is reversed, and this matter is remanded to the circuit court to reinstate the judgment of conviction and sentence.

All sitting. All concur.