RENDERED: FEBRUARY 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1855-DG

REBECCA CARDWELL                                      APPELLANT

            ON DISCRETIONARY REVIEW FROM HARDIN CIRCUIT COURT
v.             HONORABLE KELLY MARK EASTON, JUDGE
                    ACTION NO. 19-XX-00006

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Rebecca Cardwell appeals from her conviction of

driving under the influence (DUI), first offense.[1] She argues on appeal that the

district court should have suppressed the results of her breath test, that the district

court erred in bifurcating her misdemeanor trial, and that the district court erred

---

[1] Kentucky Revised Statute (KRS) 189A.010(5)(a).

when it limited her ability to challenge the validity of the breath test during trial. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Just after midnight on June 17, 2018, Officer Michael Mertz pulled over Appellant for speeding. During the traffic stop, Officer Mertz suspected Appellant might have been drinking. He administered a portable breath test which indicated the presence of alcohol. Officer Mertz then had Appellant exit the vehicle and perform field sobriety tests. After the tests, Officer Mertz arrested Appellant on suspicion of DUI. Appellant was then transferred to the local jail where an Intoxilyzer breath test was administered. The results indicated Appellant had a measured breath-alcohol concentration of 0.095, which is above the 0.08 measurement allowed by statute. Appellant was then charged with DUI, first offense.

Appellant later moved to suppress the Intoxilyzer results on account of Officer Mertz's not following the statutory rules set forth in KRS 189A.103. Specifically, she argued that Officer Mertz did not observe her for 20 minutes prior to administering the Intoxilyzer test as required by KRS 189A.103(3)(a). A suppression hearing was held where Officer Mertz testified to observing Appellant for the required 20 minutes. Notations on the Intoxilyzer test results printout supported this testimony. The defense introduced documentation in the form of

-2-

transcribed radio calls that contained timestamps showing when Officer Mertz called into dispatch. The timestamps for the radio calls indicated Officer Mertz did not observe Appellant for the required 20-minute period. Officer Mertz testified that because the radio calls were transcribed by a person, there could be a discrepancy in the times listed. Officer Mertz testified that he was one hundred percent certain that he utilized the clock on the Intoxilyzer when noting the time he began observing Appellant. The district court ultimately found that Officer Mertz did observe Appellant for the required duration and denied the motion to suppress.

A trial was held on April 24, 2019. Officer Mertz was the only witness to testify. Officer Mertz testified as to the circumstances surrounding the traffic stop and administration of the Intoxilyzer, among other things. The jury was given the option of finding Appellant guilty of operating a motor vehicle with a breath-alcohol concentration of .08 or higher or operating a motor vehicle while under the influence of alcohol. The jury found Appellant guilty of the latter.

Appellant then appealed her conviction to the circuit court. She again argued the suppression issue as well as other issues that will be discussed later in this opinion. The circuit court affirmed her conviction, and this appeal followed.

## ANALYSIS

The first issue we will discuss is Appellant's motion to suppress. As previously stated, this argument revolves around the 20-minute observation period

-3-

required under KRS 189A.103(3)(a). Officer Mertz testified that he observed her for 20 minutes prior to administering the Intoxilyzer test, but defense counsel introduced evidence that contradicted his testimony. The district court found, and circuit court agreed, that Officer Mertz observed Appellant for the required time.

> Our standard of review of a circuit court's decision on a suppression motion following a hearing is twofold. First, the factual findings of the court are conclusive if they are supported by substantial evidence. The second prong involves a *de novo* review to determine whether the court's decision is correct as a matter of law.

*Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnotes and citations omitted).

> "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnotes and citations omitted).

We find no error here. Officer Mertz testified that he observed Appellant for the required 20 minutes, and notations on the Intoxilyzer test results printout supported this testimony. While there was other evidence that contradicted it, we cannot say that the district court's findings were clearly erroneous. *See Greene v. Commonwealth*, 244 S.W.3d 128, 136 (Ky. App. 2008), and *Eldridge v. Commonwealth*, 68 S.W.3d 388, 390-91 (Ky. App. 2001), for other instances where a police officer testified that he observed a defendant for 20 minutes, but the record contained contradicting evidence.

We now move on to Appellant's argument that the district court erroneously bifurcated her trial. The district court held a guilt phase and a penalty phase for this misdemeanor trial. As the circuit court pointed out, this was erroneous and in violation of Kentucky Rule of Criminal Procedure (RCr) 9.84 and *Newton v. Commonwealth*, 760 S.W.2d 100 (Ky. App. 1988). Appellant and the circuit court are correct that misdemeanor trials should not be bifurcated. When a jury finds guilt in a misdemeanor trial, they are to immediately fix a sentence. The circuit court, however, found this error to be harmless. We agree.

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the

-5-

proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

RCr 9.24.

> A non-constitutional evidentiary error may be deemed harmless, the United States Supreme Court has explained, if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error. *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The inquiry is not simply "whether there was enough [evidence] to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." *Id.* at 765, 66 S.Ct. 1239.

*Winstead v. Commonwealth*, 283 S.W.3d 678, 688-89 (Ky. 2009) (footnote omitted).

The circuit court held that because the Commonwealth put forth no additional evidence during the erroneous sentencing phase of the trial, the error was harmless. On review, the circuit court also found significant that Appellant was given the minimum sentence. We agree that the error was harmless for these reasons. *See Partin v. Commonwealth*, No. 2003-CA-001999-MR, 2004 WL 2484328 (Ky. App. Nov. 5, 2004), and *Nelson v. Commonwealth*, No. 2002-CA-001519-MR, 2003 WL 21475890 (Ky. App. Jun. 27, 2003), where previous panels of this Court ruled similarly.

Citing *Marcum v. Commonwealth*, 583 S.W.3d 24 (Ky. App. 2019), Appellant raises the argument that this was a structural error and not subject to harmless error review. "Structural errors are defects affecting the entire framework of the trial and necessarily render the trial fundamentally unfair. Such errors preclude application of the harmless error rule and warrant automatic reversal under that standard." *Id.* at 29 (citation and internal quotation marks omitted). We find that this issue was not preserved for our review. The structural error argument was not raised in either the district court or the circuit court. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citation omitted). Furthermore, the structural error argument was not mentioned in Appellant's motion for discretionary review filed with this Court. This is in violation of Kentucky Rule of Civil Procedure (CR) 76.20(3)(d) which requires "[a] clear and concise statement of (i) the material facts, (ii) the questions of law involved, and (iii) the specific reason or reasons why the judgment should be reviewed[.]" Failure to include this argument in the motion for discretionary

review precludes our review. *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 71-72 (Ky. 2000).

Appellant's final argument on appeal is that the district court erred in limiting her questioning of Officer Mertz during trial. Specifically, the district court would not allow defense counsel to question the officer regarding the validity of the Intoxilyzer test as it pertained to the 20-minute observation period. The court reasoned that since it had found the 20-minute period was observed, then using it to attack the validity of the test was inappropriate. The court did allow defense counsel to question Officer Mertz regarding the documents that contradicted his testimony that he followed the 20-minute rule because it went to the credibility of the witness.

The circuit court, citing *Commonwealth v. Mattingly*, 98 S.W.3d 865 (Ky. App. 2002), held that a "jury is entitled to evaluate all the circumstances, including the dispute about the twenty-minute observation period, in deciding whether to accept the test result." The circuit court ultimately held that there was no error because the defense was allowed to question Officer Mertz about the issue in order to call into question his credibility and the trial judge did not give the jury a limiting instruction as to how it was to use this evidence. The court also held that even if this was error, it was harmless because Appellant was not convicted of operating a motor vehicle with a breath-alcohol concentration of .08 "or higher"

but rather doing so "[w]hile under the influence of alcohol[.]" KRS

189A.010(1)(b).

> Every criminal defendant has a "fundamental
> constitutional right to a fair opportunity to present a
> defense," *Crane v. Kentucky*, 476 U.S. 683, 687, 106
> S.Ct. 2142, 90 L.Ed.2d 636 (1986), and certainly the
> exclusion of some evidence may "significantly
> undermine fundamental elements of the defendant's
> defense," *United States v. Scheffer*, 523 U.S. 303, 315,
> 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). Trial courts
> must ensure that this fundamental right to a fair
> opportunity to present a defense is guaranteed in every
> case.
>
> That said, the right to present a defense is not
> unlimited. Like the Commonwealth, "the accused . . .
> must comply with established rules of procedure and
> evidence designed to assure both fairness and reliability
> in the ascertainment of guilt and innocence." *Chambers
> v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 35
> L.Ed.2d 297 (1973).

*Commonwealth v. Bell*, 400 S.W.3d 278, 284 (Ky. 2013).

Appellant relies on *Mattingly* to support her argument. In *Mattingly*,

Joseph Mattingly

> was arrested and charged with DUI, first offense. Prior
> to the scheduled trial in Marion District Court, the
> Commonwealth announced that it was electing to
> prosecute Mattingly under KRS 189A.010(1)(a)—the so-
> called "DUI *per se*" provision. The Commonwealth
> stated that it intended to produce only evidence that
> Mattingly was operating a motor vehicle on February 18,
> 2000, and at that time he had blood- or breath-alcohol

concentration of .10 or higher.[2] Based upon this election, the Commonwealth filed a motion *in limine*, seeking to exclude the introduction of any evidence concerning whether Mattingly was under the influence of alcohol on February, 18, 2000, including evidence of the field sobriety test conducted by the arresting officer. Mattingly opposed the motion, contending that such evidence was relevant to challenge the results of his breathalyzer test.

The district court ultimately granted the Commonwealth's motion. The court recognized that field sobriety tests have long been used to prove or disprove that an accused was driving under the influence. However, because impaired driving is not at issue to prove DUI *per se*, the court reasoned that in this case such evidence is irrelevant. Thereafter, Mattingly entered a conditional plea of guilty, reserving the right to appeal the district court's evidentiary ruling.

On appeal, the Marion Circuit Court reversed, determining that field sobriety tests and evidence which may show that a defendant was not under the influence would be relevant to challenge the accuracy of the breathalyzer test. The court concluded that excluding this evidence would violate an accused's constitutional rights to present a defense. Accordingly, the court set aside the guilty plea and remanded the matter to district court for further proceedings.

*Mattingly*, 98 S.W.3d at 866-67 (footnotes and citations omitted).

The Commonwealth obtained discretionary review before a panel of

this Court. The Court agreed with the circuit court and held "that Mattingly was

entitled to present any evidence which tended to impugn the results of the breath-

---

[2] The breath-alcohol concentration limit has since been lowered to .08.

-10-

and blood-alcohol concentration test, including evidence of his performance on field sobriety tests." *Id.* at 866. Further, the Court stated

> that evidence concerning alcohol intoxication can constitute circumstantial proof impugning the accuracy of the blood and breath-alcohol concentration tests. Since a jury is entitled to draw reasonable inferences from circumstantial evidence, such evidence is relevant because it makes less probable a material element of DUI *per se*—whether the accused's blood- or breath-alcohol concentration was .10 or higher. Therefore, the circuit court properly set aside the district court's holding excluding the evidence of Mattingly's performance on the field sobriety tests.

*Id.* at 870 (footnote omitted).

We believe *Mattingly* is distinguishable from the case *sub judice*; therefore, we conclude that the district court made no error and Appellant was able to present a full defense. In *Mattingly*, although it is not clearly described, it appears Mr. Mattingly wanted to introduce evidence that he passed the field sobriety tests administered by the officer in order to challenge the accuracy of the breath test he later failed. In other words, if he was able to pass the field sobriety tests, he must have been sober, and the breath test must have malfunctioned or returned an erroneous result. The trial court refused to let Mr. Mattingly put on a defense that the breath test results were inaccurate. That ruling is what the appellate courts found to be erroneous.

-11-

Here, Appellant does not appear to be challenging the results of the test. There is no argument that the results were wrong or unreliable. Appellant does not argue that because Officer Mertz failed to adhere to the pre-test observation period, the results were inaccurate. Appellant's argument is simply that if Officer Mertz did not follow the 20-minute observation period, then the results should be ignored. This is essentially a rehash of the admissibility issue decided pre-trial and is not an actual attack on the accuracy of the results of the Intoxilyzer test.

"[T]he purpose of the observation period is so the operator can testify positively that during this twenty-minute observation period defendant had nothing to eat or drink, did not regurgitate or smoke." *Eldridge*, 68 S.W.3d at 391 (citation and internal quotation marks omitted). Stated differently, the observation period is to ensure that "the subject did not have oral or nasal intake of substances which will affect the test." *Commonwealth v. Roberts*, 122 S.W.3d 524, 528 (Ky. 2003). Appellant does not allege that Officer Mertz's failure to observe her for 20 minutes caused him to miss seeing her ingest anything during the 20-minute period that could have skewed the test results. Simply put, there is no argument that if Officer Mertz failed to observe her for 20 minutes, then the Intoxilyzer results were inaccurate. Unlike in *Mattingly*, Appellant here was not trying to introduce evidence that impugned the accuracy of the test.

The district court did not err in this instance. Appellant litigated the admissibility of the Intoxilyzer test results pre-trial and the adequacy of the 20-minute observation period was ruled upon. At trial, Appellant was able to question Officer Mertz about the 20-minute period and question his credibility by introducing conflicting evidence. This was appropriate and allowed Appellant to present a full defense.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the circuit court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

F. Todd Lewis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melanie Goff Biggers
Special Assistant Attorney General
Elizabethtown, Kentucky